In re:  Case No. 23-00051-HWV

Mystery Nicole Schappell  Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-1     User: AutoDocke     Page 1 of 3

Date Rcvd: Feb 24, 2023     Form ID: pdf002     Total Noticed: 30

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 26, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Mystery Nicole Schappell, 226 Notch Road, Duncannon, PA 17020-7017 |
| 5515671 | + | CHASE X SCHAPPELL, 226 NOTCH ROAD, DUNCANNON, PA 17020-7017 |
| 5515674 | + | COMMONWEALTH OF PA, DEPT OF LABOR & INDUSTRY, OFFICE OF UC BENEFITS POLICY, 651 BOAS STREET RM 608, HARRISBURG, PA 17121-0725 |
| 5515675 | + | CONSUMER DEBT LAW, 220 NEWPORT CENTER DRIVE, 11-452, NEWPORT BEACH, CA 92660-7506 |
| 5515677 | + | DONALD MILLER, 1427 STATE ROAD, DUNCANNON, PA 17020-9533 |
| 5515679 | + | FREDERICK CHEVROLET, 1505 QUENTIN ROAD, LEBANON, PA 17042-7472 |
| 5515680 | + | HUNTINGTON NATIONAL BANK HEADQUARTERS, 41 S HIGH STREET, 7TH FLOOR, COLUMBUS, OH 43215-6116 |
| 5515683 | + | ISAAC & CHEYENNE PAULEY, 228 NOTCH ROAD, DUNCANNON, PA 17020-7017 |
| 5515689 | + | NATIONS DIRECT MORTGAGE, 1 CORPORATE DRIVE, LAKE ZURICH, IL 60047-8944 |
| 5515690 | + | PERRY COUNTY DOMESTIC RELATIONS, PO BOX 159, NEW BLOOMFIELD, PA 17068-0159 |
| 5515692 | + | RED CIRCLE PERFORMANCE PRE-OWNED, 1322 SPRING ROAD, CARLISLE, PA 17013-1555 |
| 5515693 | + | STEPHEN WADE PARKER ESQUIRE, ETZWEILER & WITHERS LLC, 105 N FRONT STREET, HARRISBURG, PA 17101-1483 |
| 5515695 | + | TORRES CREDIT SERVICES, 27 FAIRVIEW ST, PO BOX 189, CARLISLE, PA 17013-0189 |

TOTAL: 13

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 5515672 | | Email/Text: documentfiling@lciinc.com | Feb 24 2023 18:41:00 | COMCAST (BK NOTICES), PO BOX 1931, BURLINGAME, CA 94011-1931 |
| 5515673 | | Email/Text: RVSVCBICNOTICE1@state.pa.us | Feb 24 2023 18:41:00 | COMM OF PA DEPT OF REVENUE, BUREAU OF COMPLIANCE, PO BOX 280946, HARRISBURG, PA 17128-0946 |
| 5515676 | | Email/Text: ebnnotifications@creditacceptance.com | Feb 24 2023 18:41:00 | CREDIT ACCEPTANCE, 25505 W 12 MILE ROAD, STE 3000, SOUTHFIELD, MI 48034-8331 |
| 5515696 | | Email/Text: ra-li-occ-esbkpt-hbg@pa.gov | Feb 24 2023 18:41:00 | UNEMP COMP OVERPAYMENT MATTERS, DEPT OF L&I - OFFICE OF CHIEF COUNSEL, 651 BOAS STREET 10TH FLOOR, HARRISBURG, PA 17121 |
| 5515678 | + | Email/Text: EBN@edfinancial.com | Feb 24 2023 18:41:00 | EDFINANCIAL, 120 N SEVEN OAKS DRIVE, KNOXVILLE, TN 37922-2359 |
| 5517706 | + | Email/Text: EBN@edfinancial.com | Feb 24 2023 18:41:00 | Edfinancial on behalf of US Dept. of Education, 120 N Seven Oaks Drive, Knoxville, TN 37922-2359 |
| 5515681 | | Email/Text: sbse.cio.bnc.mail@irs.gov | Feb 24 2023 18:41:00 | INTERNAL REVENUE SERVICE - CIO, PO BOX 7346, PHILADELPHIA, PA 19101-7346 |
| 5515684 | ^ | MEBN | Feb 24 2023 18:39:17 | KML LAW GROUP PC, SUITE 5000 - BNY INDEPENDENCE CENTER, 701 MARKET STREET, PHILADELPHIA, PA 19106-1541 |
| 5515685 | + | Email/Text: PBNCNotifications@peritusservices.com | Feb 24 2023 18:41:00 | KOHLS/CAPONE, COLLECTION |

| Recip ID | | Notice Type | Date/Time | Name and Address |
|---|---|---|---|---|
| | | | | DEPARTMENT, PO BOX 3084, MILWAUKEE, WI 53201-3084 |
| 5515686 | | Email/Text: ktramble@lendmarkfinancial.com | Feb 24 2023 18:41:00 | LENDMARK FINANCIAL SERVICES LLC, ATTN: BK DEPT, 2118 USHER STREET NW, COVINGTON, GA 30014 |
| 5520845 | | Email/Text: ktramble@lendmarkfinancial.com | Feb 24 2023 18:41:00 | Lendmark Financial Services, LLC, 2118 Usher Street, Covington, GA 30014 |
| 5515687 | | Email/PDF: resurgentbknotifications@resurgent.com | Feb 24 2023 18:45:21 | LVNV FUNDING LLC, BK NOTICES, 55 BEATTIE PL STE 110 MS576, GREENVILLE, SC 29601-5115 |
| 5515688 | + | Email/Text: bankruptcy@marinerfinance.com | Feb 24 2023 18:41:00 | MARINER FINANCE LLC, BK NOTICES, 8211 TOWN CENTER DRIVE, NOTTINGHAM, MD 21236-5904 |
| 5515691 | | Email/Text: bankruptcynotices@psecu.com | Feb 24 2023 18:41:00 | PSECU, PO BOX 67013, HARRISBURG, PA 17106-7013 |
| 5515694 | + | Email/Text: bankruptcy@sw-credit.com | Feb 24 2023 18:41:00 | SW CREDIT SYS, 4120 INTERNATIONAL PKWY STE 1100, CARROLLTON, TX 75007-1958 |
| 5515982 | + | Email/Text: bankruptcy@huntington.com | Feb 24 2023 18:41:00 | The Huntington National Bank, OPC 856, PO Box 89424, Cleveland, OH 44101-6424 |
| 5515697 | + | Email/Text: ra-li-occ-esbkpt-hbg@pa.gov | Feb 24 2023 18:41:00 | UNEMPL COMP TAX MATTERS, HARRISBURG CASES L&I OFF CHIEF COUNSEL, 651 BOAS STREET 10TH FLOOR, HARRISBURG, PA 17121-0751 |

TOTAL: 17

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 5515682 | * | IRS CENTRALIZED INSOLVENCY ORGANIZATION, PO BOX 7346, PHILADELPHIA, PA 19101-7346 |

TOTAL: 0 Undeliverable, 1 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Feb 26, 2023        Signature:    /s/Gustava Winters

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 24, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Jack N Zaharopoulos | TWecf@pamd13trustee.com |
| Kara Katherine Gendron | |

| | |
|---|---|
| | on behalf of Debtor 1 Mystery Nicole Schappell karagendronecf@gmail.com;doriemott@aol.com;bethsnyderecf@gmail.com;mottgendronecf@gmail.com;ecf.mottgendron@gmail.com;MottGendronLaw@jubileebk.net |
| Michael Patrick Farrington | on behalf of Creditor Nations Direct Mortgage LLC mfarrington@kmllawgroup.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 4

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | : | CHAPTER 13 |
|---|---|---|
| **MYSTERY NICOLE SCHAPPELL** | : | |
| Debtor | : | **CASE NO. 1:23-bk-00051** |
| | : | |
| | : | ☒ ORIGINAL PLAN |
| | : | |
| | : | ☐ AMENDED PLAN (indicate 1ST, 2ND, 3RD, etc.) |
| | : | |
| | : | ☐ 0 Number of Motions to Avoid Liens |
| | : | |
| | : | ☐ 0 Number of Motions to Value Collateral |

### CHAPTER 13 PLAN

#### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☒ Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ 0 Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ 0 Included | ☒ Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**
      1. To date, the Debtor paid $ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $15,000.00, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 02/2023 | 01/2028 | $250.00 | $ | | $15,000.00 |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | | | Total Payments | $15,000.00 |

     2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

     3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

     4. CHECK ONE: ☒ Debtor is at or under median income. If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.

     ☐ Debtor is over median income. Debtor calculates that a minimum of $0 must be paid to allowed unsecured creditors in order to comply with the Means Test.

  **B. Additional Plan Funding From Liquidation of Assets/Other**
     1. The Debtor estimates that the liquidation value of this estate is $0. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

Check one of the following two lines.
☒ No assets will be liquidated. If this line is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.
☐ Certain assets will be liquidated as follows:
     2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ from the sale of property known and designated as _____ _____. All sales shall be completed by _____, 20____. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____.
     3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: Non-exempt proceeds, if any, from recovery of fees from Consumer Debt Law

**2. SECURED CLAIMS**
  **A. Pre-Confirmation Distributions**. *Check one*.
☒ None. If "None" is checked, the rest of § 2.A need not be completed or reproduced.

  **B**. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor**. *Check one*.
☐ None. If "None" is checked, the rest of § 2.B need not be completed or reproduced. \

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| **NATIONS DIRECT MORTGAGE** | **226 Notch Road, Duncannon, PA 17020** | |

| | | |
|---|---|---|
| RED CIRCLE PERFORMANCE PRE-OWNED | 2011 Ford Edge 4d blue (approx. 100,000 miles) | |
| RED CIRCLE PERFORMANCE PRE-OWNED | 2001 Ford Escape black (approx. 110,000 miles) | |

   **C**. <u>**Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**</u>.
   *Check one.*
☐ None. If "None" is checked, the rest of § 2.C need not be completed or reproduced.

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| NATIONS DIRECT MORTGAGE | 226 Notch Road, Duncannon, PA 17020 | Per allowed proof of claim $9,000.00 estimated | | Per allowed proof of claim |
| RED CIRCLE PERFORMANCE PRE-OWNED | 2011 Ford Edge 4d blue (approx. 100,000 miles) | Per allowed proof of claim $0 estimated | | Per allowed proof of claim |
| RED CIRCLE PERFORMANCE PRE-OWNED | 2001 Ford Escape black (approx. 110,000 miles) | Per allowed proof of claim $0 estimated | | Per allowed proof of claim |

**D. <u>Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)</u>**
☒ None. If "None" is checked, the rest of § 2.D need not be completed or reproduced.

**E. <u>Secured claims for which a § 506 valuation is applicable</u>**. *Check one*.
☒ None. If "None" is checked, the rest of § 2.E need not be completed or reproduced.

**F. <u>Surrender of Collateral</u>**. *Check one.*
☒ None. If "None" is checked, the rest of § 2.F need not be completed or reproduced.

**G. <u>Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens</u>**. *Check one.*
☒ None. If "None" is checked, the rest of § 2.G need not be completed or reproduced.

☐ The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

 **3. PRIORITY CLAIMS.**
  **A. <u>Administrative Claims</u>**

   1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.
   2. <u>Attorney's fees</u>. Complete only one of the following options:

    a. In addition to the retainer of $0.00 already paid by the Debtor, the amount of $4,500.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

    b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

  3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

☒ None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

**B. <u>Priority Claims (including, certain Domestic Support Obligations</u>**

 Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| **IRS CENTRALIZED INSOLVENCY ORGANIZATION** | **$1,179.00 estimated Per allowed proof of caim.** |
| **DONALD MILLER** | **Claims for current spousal and child support and for arrearages will be paid outside the plan pursuant to 11 U.S.C.§1322(a)(4).** |

**C. <u>Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).</u>** *Check one of the following two lines.*

 ☒ If "None" is checked, the rest of § 3.C need not be completed or reproduced.

**4. UNSECURED CLAIMS**

 A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified</u>. *Check one of the following two lines.*

☒ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

 B. All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. *Check one of the following two lines*.

 ☒ None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

**6. VESTING OF PROPERTY OF THE ESTATE**.
**Property of the estate will vest in the Debtor upon**
*Check the applicable line:*
☐ plan confirmation.
☐ entry of discharge.
☒ closing of case:

**7. DISCHARGE**: (Check one)
☒ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION**:
If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.
Payments from the plan will be made by the Trustee in the following order:
Level 1:  Adequate protection payments.
Level 2:  Debtor's attorney's fees.
Level 3:  Domestic Support Obligations.
Level 4:  Secured claims, pro rata.
Level 5:  Priority claims, pro rata.

Level 6:    Specially classified unsecured claims.
Level 7:    General unsecured claims.
Level 8:    Untimely filed unsecured claims to which the debtor has not objected.

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.*

**9. NONSTANDARD PLAN PROVISIONS**
**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

(1) Claim amounts: The amounts of the claims listed in the plan and schedules are estimated amounts and are not admissions by the Debtors as to the amount(s) owed.

(2) Property surrendered under Section 2 F. shall be surrendered in full satisfaction of creditors' claims unless a creditor files an allowed amended claim with sufficient evidence establishing that it is entitled to a deficiency portion of the claim.

(3) Part 1A of the Plan calculations for minimum payment to unsecured creditors includes unsecured claims, and administrative expenses/fees such as trustee's commission and attorney fees.

(4) Lien Releases.

(a) Personal Property: Upon the satisfaction, completion of cramdown payment, or other discharge of a security interest in a motor vehicle, mobile home, or in any other personal property of this estate in bankruptcy for which ownership is evidenced by a certificate of title, the secured party shall within thirty (30) days after the entry of the discharge order or demand execute a release of its security interest on the said title or certificate, and mail or deliver the certificate or title and release to the Debtor or to the attorney for the Debtor. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.

(b) Real Property: Upon the, completion of cramdown payment, strip off, or other discharge of a security interest in real property, the secured party shall within sixty (60) days after the entry of the discharge order file a satisfaction piece or release of its security interest in the office of the Recorder of Deeds for the county in which the real estate is located. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.

(5) Confirmation of this Plan shall not bar the Debtor from:

(a) filing objections to any claims;

(b) amending his schedules to add a creditor who was omitted from his schedules and to amend this Plan to provide for the treatment of such creditor or any other creditor who failed to timely file a proof of claim;

(c) seeking to avoid a lien under Section 522 of the Code or seeking the determination of the extent, validity and/or priority of any liens;

(d) seeking a determination as to the dischargeability of any debt; or

(e) selling any asset free and clear of liens and encumbrances by motion or adversary.

(6) Direct payments under 2B subsection are not "provided for" under this plan and therefore shall not impact the Debtor's ability to receive a discharge.

/s/ Dorothy L. Mott, /s/ Kara K. Gendron
_____
Dorothy L. Mott, Kara K. Gendron
Attorneys for Debtor(s)


/s/ Mystery Nicole Schappell
Debtor

Case 1:23-bk-00051-HWV    Doc 23    Filed 02/26/23    Entered 02/27/23 00:23:40    Desc
Imaged Certificate of Notice    Page 8 of 9

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9