IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| MYSTERY NICOLE SCHAPPELL | : | |
|     Debtor | : | CASE NO. 1:23-bk-00051 |
| | : | |
| ISSAC M. PAULEY | : | |
|     Movant | : | |
| | : | |
| v. | : | |
| MYSTERY NICOLE SCHAPPELL | : | |
|     Respondent | : | |

## ANSWER TO MOTION FOR RELIEF FROM STAY

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted; however, by way of further answer, the undersigned only represents the Debtor in bankruptcy, and not her son, who the Movant has listed as an additional respondent.

7. This paragraph paraphrases of a portion of a document, which is attached to as an exhibit to the Motion and which speaks for itself; to the extent that this paraphrase conflicts with the actual wording or meaning of the document, it is denied.

8. This paragraph paraphrases of a portion of a document, which is attached to as an exhibit to the Motion and which speaks for itself; to the extent that this paraphrase conflicts with the actual wording or meaning of the document, it is denied.

9. This paragraph paraphrases of a portion of a document, which is attached to as an exhibit to the Motion and which speaks for itself; to the extent that this paraphrase conflicts with the actual wording or meaning of the document, it is denied.

10. This paragraph paraphrases of a portion of a document, which is attached to as an exhibit to the Motion and which speaks for itself; to the extent that this paraphrase conflicts with the actual wording or meaning of the document, it is denied.

11. This paragraph paraphrases of a portion of a document, which is attached to as an exhibit to

the Motion and which speaks for itself; to the extent that this paraphrase conflicts with the actual wording or meaning of the document, it is denied.

12. This paragraph paraphrases of a portion of a document, which is attached to as an exhibit to the Motion and which speaks for itself; to the extent that this paraphrase conflicts with the actual wording or meaning of the document, it is denied.

13. This paragraph paraphrases of a portion of a document, which is attached to as an exhibit to the Motion and which speaks for itself; to the extent that this paraphrase conflicts with the actual wording or meaning of the document, it is denied.

14. This paragraph paraphrases of a portion of a document, which is attached to as an exhibit to the Motion and which speaks for itself; to the extent that this paraphrase conflicts with the actual wording or meaning of the document, it is denied.

15. The Debtor lacks knowledge or information sufficient to form a belief as to the truth of this averment, and therefore denies the same.

16. This paragraph paraphrases of a portion of a document, which is attached to as an exhibit to the Motion and which speaks for itself; to the extent that this paraphrase conflicts with the actual wording or meaning of the document, it is denied.

17. This paragraph paraphrases of a portion of a document, which is attached to as an exhibit to the Motion and which speaks for itself; to the extent that this paraphrase conflicts with the actual wording or meaning of the document, it is denied.

18. This paragraph paraphrases of a portion of a document, which is attached to as an exhibit to the Motion and which speaks for itself; to the extent that this paraphrase conflicts with the actual wording or meaning of the document, it is denied.

19. This paragraph paraphrases of a portion of a document, which is attached to as an exhibit to the Motion and which speaks for itself; to the extent that this paraphrase conflicts with the actual wording or meaning of the document, it is denied.

20. The Debtor lacks knowledge or information sufficient to form a belief as to the truth of this averment, and therefore denies the same.

*** 19. (Movant's Motion has typographical errors with regards to numbering - there are two paragraphs numbered "19") . Denied as stated. When the Debtor bought her home in September of 2018, she walked the property with the realtor, who explained that the neighbors owned most of the upper part of the driveway, but she would own the lower part at the entrance and that it was a shared driveway and there was an easement in place.
    The Debtor has since checked with the title company and they had assured her that this was the case, the driveway has been shared and used as such since 1991. When Debtor had moved in, her neighbor was Brian Decker, who had told her the same thing, that it was a shared driveway. She has parked at the top of the driveway in front of her front door since the day she moved in, unless it is icy out, and she can't make it to the top of the driveway.

The shared driveway is the only way that the Debtor has access to her garage and her front door as her housefaces the driveway. There is no room to put in another driveway and she never would have bought a house without access to the front door.

The Debtor was was going through a contentious divorce from February of 2020 until it was final in July of 2022. In January of 2022, she had a stroke and carotid artery surgery in February of 2022. The Debtor was very unsteady on her feet after the stroke, and had to build up the strength in her legs and relearn to keep her balance and walk again.

A couple of weeks after her surgery, Isaac Pauley called her outside and told her that he no longer wanted her to use his driveway. The Debtor explained to him that there was an easement in place and that she could not walk up the driveway as she had just had a stroke and surgery. He started screaming profanities at the Debtor, threatened to sue her, and stated that e needed full use of the driveway it for his business equipment. The Debtor again explained there was an easement in place and then walked away.

In or around the beginning of June the Pauley's sent the Debtor a letter stating she could no longer use the driveway and Isaac proceeded to block the driveway with his truck and lawnmower. The Debtor has multiple pictures of him blocking the driveway. The Pauley's behavior has made it very difficult for the Debtor and her family and they avoid going outside because Isaac and Cheyenne Pauley scream profanities and attempt to instigate arguments.

The Debtor and her family use the driveway only to access their house and they do not park on the driveway; they park in our own parking spots.

\*\*\* 20. (Movant's Motion has typographical errors with regards to numbering - there are two paragraphs numbered "20") .

Admitted. By way of further answer, the Debtor had to call the police to make the Movant remove the blockage, as she is a stroke victim and with him blocking the driveway, the ambulance would not be able to get up the driveway if she needed them.

21. Denied as stated. The Debtor was aware that most of the driveway is on the Pauley's property, however she was told that the entrance to the driveway was on her property. The survey that the Pauley's got from Burget and Assoc states that it is all on their property; however, every google map shows that the bottom of the driveway is on the Debtor's property so the Debtor hired Navtech to do another survey. The owner of Navtech Roger ,at first stated that, Burget and Associates were incorrect and they were off by about 4 or 5 feet, after researching he stated the if they were off and he was correct then everyone else's property lines were off too, so he needed to research it some more, she has not heard anything else. Regardless of who owns the property, the Debtor was told that it was shared driveway with an easement. She would not have bought a house without access. The Debtor last spoke to the secretary at Navtech on May 5, 2023, and was told that Roger is still working on it, and he would call her in about a week.

22. Denied as stated. The Debtor did provide the state police with a copy of the easement.

23. The Debtor lacks knowledge or information sufficient to form a belief as to the truth of this averment; however, she agrees that the Movant cannot prevent her from using the driveway to access her house absent a court order

24. Admitted that Debtor received a letter from Movant.

25. This paragraph paraphrases of a portion of a document, which is attached to as an exhibit to the Motion and which speaks for itself; to the extent that this paraphrase conflicts with the actual wording or meaning of the document, it is denied. Further, Debtor believes that she has an easement and therefore is entitled to use the driveway to access her home.

26. This paragraph paraphrases of a portion of a document, which is attached to as an exhibit to the Motion and which speaks for itself; to the extent that this paraphrase conflicts with the actual wording or meaning of the document, it is denied. Further, Debtor believes that she has an easement and therefore is entitled to use the driveway to access her home.

27. Denied. The Debtor and her family have never parked their cars in the center of the driveway to prevent the Pauley's from driving or moving their vehicles; they only use the driveway to get to their own parking spot. On November 22, 2022 the Pauley's waited up for the Debtors to get home from work after midnight and called the police because she used the driveway to access her parking area.

28. This paragraph is a conclusion of law to which no answer is necessary; to the extent that an answer is deemed necessary, it is denied.

29. This paragraph is a conclusion of law to which no answer is necessary; to the extent that an answer is deemed necessary, it is denied.

30. This paragraph is a conclusion of law to which no answer is necessary; to the extent that an answer is deemed necessary, it is denied.

31. This paragraph is a conclusion of law to which no answer is necessary; to the extent that an answer is deemed necessary, it is denied. By way of further answer, the Debtor does not believe that the agreement is fraudulent or void; the property has been used in the same way for over 30 years and the Pauley's were made aware of this when they bought the house, the same way the Debtor was aware when she bought her house.

32. The Debtor lacks knowledge or information sufficient to form a belief as to the truth of this averment, and therefore denies the same.

33. The Debtor lacks knowledge or information sufficient to form a belief as to the truth of this averment, and therefore denies the same.

34. Denied. The Debtor filed bankruptcy because she is broke. She cannot afford to litigate the matter in state court and the easement is a necessity for her to access her home.

35. Denied.

36. This paragraph is a conclusion of law to which no answer is necessary; to the extent that an answer is deemed necessary, it is denied.

WHEREFORE, the Debtor respectfully requests that this Court deny the motion for relief filed by the Movant and grant such other relief as this Court deems just.

    Respectfully submitted,

    /s/ Kara K. Gendron
    _____
    Kara K. Gendron, Esquire
    Attorney ID #87577
    MOTT & GENDRON LAW
    125 State Street
    Harrisburg, PA 17101
    http://www.mottgendronlaw.com
    T: (717) 232-6650 | F: (717) 232-0477
    karagendron@gmail.com