IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| MYSTERY NICOLE SCHAPPELL | : | |
|     Debtor | : | CASE NO. 1:23-bk-00051 |
| | : | |
| NATIONS DIRECT MORTGAGE, LLC | : | |
|     Movant | : | |
| vs. | : | |
| MYSTERY NICOLE SCHAPPELL | : | |
| CHASE X SCHAPPELL Co-Debtor, | : | |
| JACK N ZAHAROPOULOS Trustee | : | |
|     Respondents | : | |

## ANSWER TO MOTION FOR RELIEF FROM STAY

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted. By way of further answer, Debtor agrees with Mortgagee that its collateral includes the easement by necessity as stated in the footnote to its response to para. 5:

   Upon information and belief, the mortgage also encumbers all right(s) Debtors maintain with respect to the sole drivewaythat currently serves both 228 and 226 Notch Road, Duncannon, PA 17020, if any. See Exhibit B at pages 3-4 of 23.Bankruptcy Courts apply State law when determining the perfection of title in real property disputes in bankruptcy proceedings. Haggerty v. Erie Cnty. Tax Claim Bureau, 528 A.2d 681. 683 (Pa. Commw. 1987). Several types of easements exist in Pennsylvania which may grant Debtors some right to the driveway, but most relevant appears to be an easement by necessity. Regardless of the type of easement or right to access Debtors may acquire as a result of 23-AP-00068, Movant asserts that any such right is likewise encumbered by the mortgage. The Pennsylvania Superior Court recently recognized three elements necessary to prove an implied easement by necessity: "1) the titles to the alleged dominant and servient properties must have been held by one person; 2) this unity of title must have been severed by a conveyance of one of the tracts; and 3) the easement must be necessary in order for the owner of the dominant tenement to use his land, with the necessity existing both at the time of the severance of title

and at the time of the exercise of the easement." Olszewski v. Parry, 283 A.3d 1257, 1263 (Pa. Super. 2022) citing Bartkowski v. Ramondo, 656 Pa. 51, 219 A.3d 1083, 1092 (Pa. 2019). See also Youst v. Keck's Food Service, 94 A.3d 1057, 1075 (Pa. Super. 2014), and Graff v. Scanlan, 673 A.2d 1028, 1032 (Pa. Commw. Ct. 1996). Based on the Deeds attached to Plaintiff's Adversary Complaint, Gary M. and Vickie C. Theurer owned both 226 and 228 Notch Road prior to November 13, 1973 when they severed their ownership by conveying 228 Notch Road to Harry and Beryl Hammaker, at which point, and still appearing to hold true to this day, the driveway separating the properties became the sole connection to public roadway allowing Debtors to use the Property. A copy of the November 13, 1973 Deed conveying 228 Notch Road from Gary M. and Vickie C. Theurer to Harry and Beryl Hammaker is attached as Exhibit "C" and is hereby incorporated by reference. A copy of the April 7, 1976 Deed conveying 226 Notch Road from Gary M. and Vickie C. Theurer to Melvin R. and Blanche V. Fetterhoff is attached as Exhibit "D" and is hereby incorporated by reference. A true and correct copy of a Google Maps Satellite View pulled by the undersigned on June 26, 2024 is attached as Exhibit "E" and is hereby incorporated by reference.

6. Admitted.

7. Admitted.

8. Denied. The Debtor has various debts and filed the case in order to reorganize.

9. Admitted that the Debtor is behind; however, she intends to cure the arrearages via a stipulation.

10. The Debtor lacks knowledge or information sufficient to form a belief as to the truth of this averment, and therefore denies the same.

11. Denied. Debtor intends to cure the arrearages via a stipulation.

12. Proof of value of collateral is demanded at trial and this paragraph is therefore denied.

13. Admitted.

14. Denied that Movant has demonstrated cause for waiver.

    WHEREFORE, the Debtor respectfully requests that this Court deny the motion for relief filed by the Movant and grant such other relief as this Court deems just.

Respectfully submitted,

/s/ Kara K. Gendron

_____

Kara K. Gendron, Esquire
Attorney ID #87577
MOTT & GENDRON LAW
125 State Street
Harrisburg, PA 17101
http://www.mottgendronlaw.com
T: (717) 232-6650 | F: (717) 232-0477
karagendron@gmail.com